# Howell v. Southern Railway Company.

## Injury to Person Near Track.

(Decided November 7, 1914. 66 South. 633.)

1. *Railroads; Persons Near Track; Licensee; Care Required.*— Where a person was injured by the explosion of a signal torpedo while loading lumber into a car on a sidetrack in defendant's railroad yard, he was neither a trespasser nor a bare licensee, but an invitee, and the company was bound to exercise reasonable care with reference to the condition of the place to avoid injury to him, while so engaged.

2. *Same; Freight Loaders.*—A railroad company is not an insurer of the safety of invitee while loading freight into cars placed on the sidetrack for that purpose.

3. *Same; Negligence.*—Where plaintiff was injured by the explosion of a torpedo while about to load a car standing on defendant's sidetrack the car striking a torpedo placed on the rail as the plaintiff, with the acquiescence of the depot agent of defendant, was moving the car to a more convenient place by means of a pinch bar, the mere presence of a torpedo on the rail was not sufficient to justify an inference that it was placed there by an employee of defendant in the performance of duties intrusted to him by defendant; especially, as it also appeared that such sidetrack was used as an exchange track with another railroad company, and hence, such facts were not sufficient to show actionable negligence on the part of defendant.

APPEAL from Shelby Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Action by W. T. Howell against the Southern Railway Company for damages for injuries sustained from the explosion of a torpedo on one of its sidetracks while loading lumber on a car. Judgment for defendant, and plaintiff appeals. Affirmed.

Count 1 states the facts as alleged in the opinion, and avers that plaintiff suffered said injuries and damages by reason of and as a proximate consequense of the negligence of defendant in causing or allowing said topedo to be on the tracks of said railroad as aforesaid. The second count alleges the same state of facts,

and adds: "This defendant negligently failed to furnish plaintiff with a reasonably safe place to work while placing, or attempting to place, said car opposite said lumber as aforesaid in this: That it was not reasonably safe for plaintiff to move said car as he did with said torpedo on the track."

As for count 3 the pleader adopts all of count 2 except the word "negligently," which said word "negligently" is omitted from this count.

RIDDLE & ELLIS, for appellant.

PETTUS, FULLER & LAPSLEY, and BROWN, LEEPER & KOENIG, for appellee.

SAYRE, J.—Appellant, hereafter to be referred to as the plaintiff, alleged in his complaint that when injured he was upon defendant's right of way and track for the purpose of loading some lumber on a car for transportation. Considering the purpose for which plaintiff was at the place where he received his injury, presumptively on defendant's express or implied invitation, he was not a trespasser, nor was he a bare licensee, and defendant was bound to exercise reasonable care in respect to the condition of the place, as in other respects, to avoid injuring him while so engaged. Count 3, to which an apt demurrer was sustained, would have made defandant a practical insurer of plaintiff's safety, and so would have put an undue burden upon the former. The demurrer to this count was properly sustained.—3 Elliott on Railroads, § 1265C.

The car to be loaded had been left on a siding some hundred feet or more from the place at which the lumber could be most conveniently loaded upon it. With the knowledge and acquiescence of defendant's depot

[Howell v. Southern Railway Company.]

agent, plaintiff had put the car into motion by prizing it along with a pinch bar, and as it reached the desired and more convenient place, was in the act of putting a chock under the wheels to stop it when a torpedo on the track was exploded by the car passing over it. A torpedo, such as railroad operators use for giving cautionary signals to moving trains, is described in the evidence as constructed of tin, about the size of an ordinary watch, is filled with a detonating explosive, and, to insure explosion, is fastened to the rail by leaden clasps, which, we infer, are of easy manipulation. When the torpedo in this case exploded a flying piece of the metal container inflicted the injury of which plaintiff complains. None of the witnesses know how or why the torpedo came to be upon the track. Plaintiff's proposition is that from the fact of its presence and the proof that such things were in common use by railroad operators the jury were authorized to find that the torpedo in question had been placed upon the track by an agent or employee of defendant company while acting within the line and scope of his employment, and had been negligently left there. In the circumstances of this case, we think the trial court correctly took the contrary view. Torpedoes are used in emergencies to warn moving trains upon unexpected occasions, when other means are not conveniently available. There was in this case nothing whatever to indicate that there had, at any time, been any occasion for the use of a torpedo in the operation of defendant's trains over the side track on which this one was. None of the witnesses examined had ever known or heard of the use of a torpedo on a side track. The jury might have inferred that this one was the property of some railroad, but the track of the Louisville & Nash-

[Howell v. Southern Railway Company.]

ville Railroad Company connected with the track in question, and upon it the two companies exchanged freights, and for aught appearing in the evidence this torpedo may as well have belonged to that company. And the mere ownership of defendant, though proved, in the absence of some evidence of extraordinary occasion calling for the use of a torpedo at the place, would hardly warrant a holding that defendant, in the exercise of reasonable care, should have had an inspection of its track with a view to the possibility of such an accident as did occur. In the absence of any such occasion, the reasonable inference would be that some mischievous idler had got possession of the torpedo and placed it upon the track, or, if perchance an employee placed it, that in doing so he acted without the line and scope of the duties intrusted to him by defendant. In short, a finding that defendant was responsible for the presence of the torpedo on the track at the place and under the circumstances shown in evidence must have been the result of a mere speculation. In this state of the evidence the trial court did not err in giving the general affirmative charge requested in writing by defendant.

According to our view of the case there was no error in the rulings on evidence. The facts plaintiff unsuccessfully sought to elicit were of no consequence. If plaintiff had got favorable answers to his questions, the burden of proof resting upon him, a favorable issue in his case would still have depended upon a mere speculation which the jury had no right to indulge.

Affirmed.

McClellan, de Graffenried, and Gardner, JJ., concur.,